DELONG, APPELLANT, *v.* COOPER TIRE & RUBBER CO. ET AL., APPELLEES.

[Cite as Delong v. Cooper Tire & Rubber Co., 14 Ohio App. 2d 44.]

(No. 707—Decided April 10, 1968.)

Messrs. Wistner & Riseling and Messrs. Larrimer & Larrimer, for appellant.

Messrs. Walter, Haverfield, Buescher & Chockley, Mr. John J. Kelley, Jr., Mr. William B. Saxbe, attorney general, and Mr. Walter J. Howdyshell, for appellees.

DUFFEY, J. This is an appeal from a judgment of the Common Pleas Court of Hancock County. The action is for workmen's compensation in an appeal from the Industrial Commission pursuant to Section 4123.519, Revised Code. The trial court granted a directed verdict against the appellant and entered judgment.

Construing the evidence most favorably to the appellant, the essential facts are that in the course of his employment he picked up a piece of rubber stock which had fallen to the floor. The testimony was:

"I stopped the machine and walked back, picked it up, I had it about half way off the floor, I went to twist to my right to throw it on the scales, three and a half feet high and I felt this pain snap in my low back."

The appellant also testified that he never placed rubber stock on the floor, and did not in the course of his work have occasion to pick up rubber stock from the floor. He also testified that his job did not require him to lift objects as heavy as this particular object. This object weighed approximately 45 to 50 pounds. From the testimony and examples given, the reasonable inference is that odd pieces of stock ordinarily weigh about five pounds.

Section 4123.01 (C), Revised Code, provides:

"(C) 'Injury' includes any injury, *whether* caused by external accidental means *or* accidental in character and result, received in the course of, and arising out of, the injured employee's employment." (Emphasis added.)

The statutory wording repeals the controversial so-called "Dripps Doctrine" requiring external accidental means. Compare *Dripps* v. *Industrial Commission* (1956), 165 Ohio St. 407, with *Hearing* v. *Wylie* (1962), 173 Ohio St. 221. See, also, *Hamilton* v. *Keller, Admr.* (1967), 11 Ohio App. 2d 121. An excellent review of the judicial his-

tory of the concept of injury can be found in an article by R. Brooke Alloway, Malone Re-visited—Definition of Injury Under the Ohio Workmen's Compensation Act, 17 Cleveland Marshall Law Rev. 75 (1968).

To direct a verdict the court must find that reasonable minds could not differ. The evidence here supports findings that appellant suffered an injury in the course of, and arising out of, his employment. The only arguable point is whether, not having been by external means, the injury was accidental in character and result. In our opinion, the evidence is sufficient to raise an issue for a jury.

The judgment of the Common Pleas Court will be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*

GUERNSEY, P. J., and YOUNGER, J., concur.

DUFFEY, J., of the Tenth Appellate District, sitting by designation in the Third Appellate District.